UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FERNANDO ADALBERTO GALEAS
MIRANDA,

                        Petitioner,                        **MEMORANDUM & ORDER**
                                                                             25-CV-6882 (PKC)

                - against -

RAUL MALDONADO, JR., *et al*.,

                        Respondents.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

        On December 15, 2025, Petitioner Fernando Adalberto Galeas Miranda filed an Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. 1), and an Emergency Application for an Order to Show Cause, (Dkt. 2). At the time, Petitioner had been detained at the Metropolitan Detention Center for over five months. (Pet., Dkt. 1, ¶ 1.) Petitioner claimed, *inter alia*, that "the mandatory detention" provision of 8 U.S.C. § 1225(b)(2)(A) did not apply to him because he had already arrived in the United States and had been previously paroled at the time he was detained. (*Id.* ¶¶ 1, 65, 91); *see also* 8 U.S.C. § 1225 (detailing procedures for "expedited removal of inadmissible arriving aliens"). Rather, Petitioner argued that, as a noncitizen who was "detained in the interior and not 'seeking admission' at the time ICE arrested him at immigration court," (Pet., Dkt. 1, ¶ 91), his detention was governed by 8 U.S.C. § 1226, and that he was unconstitutionally detained for a prolonged period absent a bond hearing or release, (*id.* ¶¶ 70, 91–97).

Later that day, December 15, 2025, the Court issued an Order to Show Cause, directing Respondents to state in writing "why a writ of habeas corpus should not be issued and why Petitioner should not be immediately released." (Dkt. 5.) The Court scheduled a hearing on the petition for December 23, 2025. (12/18/2025 Dkt. Order.)

On December 19, 2025, the Court held oral argument on a petition for habeas corpus in a different immigration detention case, *R.A.R.R. v. Almodovar et al.*, No. 25-CV-6597 (PKC) (E.D.N.Y. filed Nov. 26, 2025). At that proceeding, the Court granted the petition for writ of habeas corpus from the bench and ordered the petitioner's immediate release. *See* Oral Ruling and Docket Order, *R.A.R.R.*, No. 25-CV-6598 (PKC) (E.D.N.Y. Dec. 19, 2025). The Court stated its reasons for granting the petition on the record and explained that a more detailed Memorandum & Order would follow. *Id.* Among other things, the Court held that: (1) 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), governed that petitioner's detention because that petitioner had already arrived at the border and was released from custody; and (2) that petitioner's detention violated the Due Process Clause of the Fifth Amendment. *Id.*

As Respondents acknowledge, the Court's oral ruling in *R.A.R.R.* addressed the principal legal questions presented in this action. (Resp'ts' Opp'n to Pet., Dkt. 10, at 3–4.) Both parties agree that "the decision [in *R.A.R.R.*] would control the result in this case if the Court adheres to that ruling." (*Id.* at 4; *see also id.* at 4–5 (stating that "to conserve judicial resources and to expedite the Court's consideration of this case," Respondents would rely upon its arguments in *R.A.R.R.*); Pet'r's Reply, Dkt. 11, at 1–2 ("*R.A.R.R.* controls the result in the instant case.").) Therefore, the Court deemed further briefing or oral argument in the instant matter unnecessary. (*See* 12/22/2025 Dkt. Order (canceling hearing).)

The Court adheres to its reasoning in *R.A.R.R.*, as well as the reasoning of the vast majority of other district courts to consider similar cases. *See, e.g.*, *Barco Mercado v. Francis*, --- F. Supp. 3d ----, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) ("By a recent count, the central issue in this case—the administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States."); *id.* at *13–14 (collecting cases); *Yao v. Almodovar*, --- F. Supp. 3d ----, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (noting that its holding, that "ICE's discretion-free detention of [petitioner] . . . violated due process," was "[c]onsistent with the vast majority of other courts to consider this question").

The Court holds that Petitioner was detained pursuant to 8 U.S.C. § 1226(a), and that his detention without any individualized custody determination violated his right to due process under the Fifth Amendment of the Constitution. Accordingly, the Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. 1), is GRANTED.[1]

---

[1] Petitioner has already been released pursuant to the Court's December 22, 2025 Docket Order, which stated:

> Respondents are directed to release Petitioner from custody immediately and no later than within 24 hours of this Order. Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than **6:00 p.m. tomorrow, December 23, 2025**. The Court further orders that Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under 8 U.S.C. § 1226(a). The

The Clerk of Court is respectfully directed to enter judgment consistent with this Memorandum & Order and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 5, 2026
       Brooklyn, New York

---

    deadline for Petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is January 26, 2026.

(12/22/2025 Dkt. Order.) On December 23, 2025, Respondents filed a letter confirming that Petitioner was released from custody on December 22, 2025, at approximately 3:06 p.m. (Resp'ts' Certification of Compliance Letter, Dkt. 14.) On December 29, 2025, Respondents filed another letter to confirm that they had returned to Plaintiff all of his property that was seized at the time of his arrest, including his identification documents and employment authorization card. (Resp'ts' Certification of Compliance Letter, Dkt. 16.)